IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| JASON W.,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>ANDREW M. SAUL, Commissioner of Social Security,<br><br>　　　　　Defendant. | CV 19–84–M–DLC–KLD<br><br><br>ORDER |

　　　United States Magistrate Judge Kathleen L. DeSoto entered her Findings and Recommendation on February 18, 2020, recommending that the Social Security Administration's denial of benefits be reversed and this matter be remanded to the agency for further proceedings. (Doc. 20.) Neither party objected to the Findings and Recommendation, and so the right to de novo review of the record has been waived. 28 U.S.C. § 636(b)(1). This Court reviews for clear error those findings and recommendations to which no party objects. *See Thomas v. Arn*, 474 U.S. 140, 149–53 (1985). Clear error exists if the Court is left with a "definite and firm conviction that a mistake has been made." *Wash. Mut., Inc. v. United States*, 856 F.3d 711, 721 (9th Cir. 2017) (citation omitted).

-1-

Having reviewed the Findings and Recommendation (Doc. 20), the Court finds no clear error in Judge DeSoto's analysis. Judge DeSoto reasonably concluded that the Administrative Law Judge ("ALJ") failed to give specific and legitimate reasons for rejecting the opinions of the Plaintiff's treating provider, Dr. Kaylen Islam-Zwart. *See Hill v. Astrue*, 698 F.3d 1153, 1159–60 (9th Cir. 2012). As Judge DeSoto noted, the ALJ erred by using medical records detailing the claimant's physical health limitations to refute Dr. Islam-Zwart's findings regarding the claimant's mental health limitations. This is particularly troublesome where, as here, the majority of the claimant's severe impairments relate to his mental health.

Similarly, the Court agrees with Judge DeSoto that the ALJ failed to give specific, clear, and convincing reasons for rejecting the claimant's subjective testimony. As with Dr. Islam-Zwart's opinions, the ALJ erred to the degree that she used physical health findings to discredit the claimant's testimony regarding his mental health limitations. Additionally, Judge DeSoto correctly determined that the claimant's level of activity was not inconsistent with his claimed limitations.

Finally, the Court does not find clear error in Judge DeSoto's determinations that the ALJ acted within her discretion by: (1) affording limited weight to the opinion of Bre Lopuch, a program administrator and therapist; and (2)

incorporating the claimant's mental functioning into the ALJ's residual functional capacity ("RFC") determination.  However, because the ALJ erred in discrediting Dr. Islam-Zwart's opinion and the claimant's testimony, the RFC may well require modification on remand.

Accordingly, IT IS ORDERED that Judge DeSoto's Findings and Recommendation (Doc. 20) is ADOPTED IN FULL.  The Commissioner's decision is REVERSED, and this matter is REMANDED pursuant to sentence four of 42 U.S.C. § 405(g) for further proceedings consistent with this opinion.

DATED this 28th day of April, 2020.

_____
Dana L. Christensen, District Judge
United States District Court